Edward **IHLENFELDT**, Plaintiff,

v.

**STATE ELECTION BOARD, Chas. Goldberg, Chairman, et al., Defendants.**

Civ. A. No. 74–C–491.

United States District Court,
E. D. Wisconsin.

Feb. 18, 1977.

2. *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

Edward Ihlenfeldt, pro se.

John C. Murphy, Asst. Atty. Gen., Madison, Wis., for defendants State Election Board and Secretary of State.

George E. Rice, Deputy Corp. Counsel, Milwaukee, Wis., for defendants Milwaukee County Election Commission and Eunice Niemi.

## DECISION AND ORDER

Before FAIRCHILD, Circuit Judge, REYNOLDS, Chief District Judge, and GORDON, District Judge.

REYNOLDS, Chief District Judge.

The plaintiff, appearing pro se, filed this action for declaratory and injunctive relief alleging that the printed form ballot for Wisconsin's general election, as determined by §§ 5.64 and 8.20(2)(a), Wis.Stats. (1973), denies him the equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States in that candidates of certain political parties are permitted to appear on the ballot with their party designations under the column headed "Independent." It is apparent from the claim that the action is being brought under 42 U.S.C. § 1983, and construing the pro se complaint broadly, it will be treated as if it were brought under that section. For the reasons hereinafter stated, judgment shall be entered dismissing the complaint.

The plaintiff was an independent candidate for the legislature from the 9th Assembly District of Wisconsin, and his name appeared on the 1974 general election ballot in the column headed "Independent." Other individuals, designated on the ballot as the nominees of the Communist Party, the Socialist Party, and the Socialist Labor Party, were also listed in the "Independent" column. The plaintiff contends that this ballot form denied him equal protection of the law because he, a true independent, was listed in the same column as those who belonged to unpopular political parties.

At a hearing held on October 31, 1974, the Court denied the plaintiff's motion for a temporary restraining order. On February 4, 1975, the Court held that the action was neither moot nor so insubstantial or frivolous as to require dismissal and requested the convening of a three-judge court pursuant to 28 U.S.C. §§ 2281 and 2284. Still pending are the plaintiff's motion to main-

tain his action as a class action and the defendants' motion challenging the court's jurisdiction and the maintainability of the class action. In their briefs on these motions, all parties treated the matter as ripe for summary disposition, and after disposing of the preliminary motions, the Court will so treat it.

■ With respect to the jurisdictional challenge, the defendants, relying on *City of Kenosha v. Bruno,* 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973), contend that the court lacks personal jurisdiction because they are not "persons" within the meaning of 42 U.S.C. § 1983, and that the Eleventh Amendment doctrine of sovereign immunity bars the action.

The court has personal jurisdiction over the defendants. In *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), the Supreme Court held that when a state officer acts under a state law in a manner violating the United States Constitution, that official is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." 209 U.S. at 160, 28 S.Ct. at 454. The plaintiff alleges that the defendants are acting under color of state law in a manner violating the Fourteenth Amendment. Such an allegation places this action within the jurisdiction of this court under *Ex parte Young,* supra.

■ The Eleventh Amendment does not bar this action. The plaintiff requests declaratory and injunctive relief. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), and *Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), hold that the doctrine of sovereign immunity operates as a bar to suits where, in essence, the action is one for the recovery of money from the state.

■ With respect to the maintainability of a class action, the defendants contend that the class is too vaguely defined and would not be adequately represented. Considering the fact that the plaintiff is ap-

pearing pro se and upon examining the quality of the work submitted by the plaintiff to date, the Court finds that the plaintiff cannot adequately represent the class.

Having disposed of the preliminary matters, the Court will now address itself to the merits of the plaintiff's challenge.

■ The plaintiff challenges the constitutionality of the form ballot for Wisconsin's general election. Although the plaintiff refers specifically to Chapter 334, Laws of 1973, amending the election laws of the State of Wisconsin, it is apparent from his complaint that he is attacking §§ 5.64 and 8.20(2)(a), Wis.Stats.

Section 5.64(1)(e) determines the form of the general election ballot. It provides:

"(e) Within each column, each space shall state the office to be voted for directly above the candidate's first and last name. The candidate's name shall be placed in the party column by which nominated or if independent, in a column designated independent and all candidates for the same office shall appear on or between the same horizontal lines on the ballot. * * *"

Section 8.20(2)(a) permits candidates in the Independent column to designate on the ballot the party or principle they represent. It provides:

*"Nomination of independent candidates.* * * *

"(2)(a) Nomination is by nomination papers. The nomination paper forms shall contain the candidate's name in any combination of initials for the first and middle names, plus the last name, but no nicknames, abbreviations or titles; the office for which he is nominated; his residence and post-office address; and the party or principle he represents, if any, in 5 words or less. * * *"

A "party" as used in § 5.64 is defined by § 5.02(12) as:

" * * * a state committee registered under s. 11.05 organized exclusively for political purposes, recognized by the na-

tional organization of the party, * * * and all county, congressional, legislative, local and other affiliated committees authorized to operate under the same name."

Section 5.62(1)(b) defines a party entitled to have a "party column" on the general election ballot described in § 5.64 as a party "that received at least one per cent of the total votes cast for any state-wide office for which they had a candidate."

■ It is within the power of the states to require independent candidates to evidence a modicum of support before placing them on the ballot. In *American Party of Texas v. White,* 415 U.S. 767, 94 S.Ct. 1296, 39 L.Ed.2d 744 (1974), rehearing denied 416 U.S. 1000, 94 S.Ct. 2414, 40 L.Ed.2d 777, a number of small political organizations in Texas sought ballot recognition for the general election. The State of Texas has established a sliding scale statutory scheme regulating the manner in which a political organization qualified for the general election ballot. The qualifications differed depending on the number of votes a party or organization had received in the last gubernatorial election. A party that had obtained neither more than 200,000 votes in the last election nor more than 2% of the total vote could qualify for the ballot by submitting a petition evidencing the support of at least 1% of the total gubernatorial voters at the last preceding election. The Court upheld the statute in the face of an equal protection challenge saying at pages 782–783, 94 S.Ct. at page 1306.

" * * * [W]e think that the State's admittedly vital interests are sufficiently implicated to insist that political parties appearing on the general ballot demonstrate a significant, measurable quantum of community support. So long as the larger parties must demonstrate major support among the electorate at the last election, whereas the smaller parties need not, the latter, without being invidiously treated, may be required to establish

their position in some other manner. Of course, what is demanded may not be so excessive or impractical as to be in reality a mere device to always, or almost always, exclude parties with significant support from the ballot. The Constitution requires that access to the electorate be real, not 'merely theoretical.' *Jenness v. Fortson,* 403 U.S. 431, 439 [91 S.Ct. 1970, 1974, 29 L.Ed.2d 554] (1971)."

The requirements of the Wisconsin statutes are less onerous than those of the Texas statute. In Texas, the challenged statute restricted access to the ballot. The Wisconsin statutes do not restrict an individual's meaningful access to the ballot; they determine the organization of the ballot after access has been granted.

■ Wisconsin has the power to organize its ballot. *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1368 (1941). It has chosen to accommodate the numerous candidates representing minority parties or principles by placing them in a column headed "Independent." This designation is not one of party or principle affiliation. It is purely organizational in nature and is designed as a catchall for candidates whose parties have not been able to evidence the modicum of support necessary to merit a separate party column on the ballot. To insure that the candidates listed under the Independent heading are able to project a political identity to the electorate, Wisconsin permits them to identify themselves in five words or less. This format does not deny the plaintiff equal protection of the law; it insures his access to the electorate in as meaningful a way as possible.

For the foregoing reasons,

IT IS ORDERED that the plaintiff's complaint be and it hereby is dismissed.